# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOE W. JEAN-LOUIS,                         Case No. 1:11-cv-572
      Plaintiff

                                       Dlott, J.

     vs

MAYOR CITY OF CINCINNATI, et al.,
      Defendants.                     **REPORT AND RECOMMENDATION**

Plaintiff, an inmate at USP-Florence, Florence, Colorado, filed a complaint alleging gross negligence by the Mayor of Cincinnati and the Governor of Ohio for failing to construct multiple purpose underground disaster shelters.

Plaintiff has failed to submit the $350.00 filing fee or a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2). The Court will not enter a deficiency order in this regard, however, because plaintiff is not entitled to proceed with this matter *in forma pauperis* in any event in view of his history of frivolous litigation. He has been banned from proceeding *in forma pauperis* in the federal courts under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Jean-Louis v. United States Atty. Gen.*, Civ. No. 06-40136-RCL (D. Mass. July 2, 2007) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Jean-Louis v. Reno*, Civ. No. 00-9197-MBM (S.D.N.Y. Dec. 5, 2000) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Jean-Louis v. Dinkins*, Civ. No. 94-1387-CLB (S.D.N.Y. Mar. 3, 1994) (dismissed pursuant to 28 U.S.C. 1915(d) and certified that any appeal would not be taken in good faith); *Jean-Louis v. Nuclear Regulatory Comm'n*, Civ. No. 93-1857 (D.D.C. Sept. 7, 1994) (dismissed pursuant to 28 U.S.C. 1915(d)); and *Jean-Louis v. Koehane*, Civ. No.

90-1193-SHR (M.D. Pa. July 30, 1991) (dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(d)).

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g).  Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g).  *See Wallace v. Franklin,* 66 F. App'x 546, 547 (6th Cir. 2003); *accord Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 885 (5th Cir. 1998).  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury.  Therefore, plaintiff does not meet the exception to section 1915(g).

Because plaintiff has failed to allege particular facts showing "imminent danger of serious physical injury," he may not proceed *in forma pauperis* in this case.  Plaintiff should be assessed the full filing fee of $350.00.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

In addition, the Court finds plaintiff's complaint must be sua sponte dismissed as frivolous

or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.

Plaintiff's pro se complaint is virtually incomprehensible.  There is no logical construction of

plaintiff's complaint from which the Court can divine a viable claim against the defendants over

which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as

frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which

relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's be assessed the full filing fee of $350.

2. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

Date: 8/30/2011                                    s/Karen L. Litkovitz
                                                   Karen L. Litkovitz
                                                   United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOE W. JEAN-LOUIS,                                    Case No. 1:11-cv-572
       Plaintiff

                                                Dlott, J.

     vs

MAYOR CITY OF CINCINNATI, et al.,
       Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4